FILED
2008 Aug-28 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **WINFRED E. MILLS,** <br> **CHARLOTTE TEET MILLS,** <br><br> Plaintiffs, <br><br> v. <br><br> **TEXAMERICAN FOOD** <br> **BLENDING, INC., et al,** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **Case No.: 4:08-CV-1268-VEH** <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

**I.     INTRODUCTION**

Winfred E. Mills and Charlotte Teet Mills ("Plaintiffs") originally filed this case in the Circuit Court of Dekalb County, Alabama, on June 29, 2008. (Doc. 1 at Ex. 1). On July 17, 2008, Defendant, TexAmerican Food Blending, Inc., removed the case to this Court under 28 U.S.C. § 1441, asserting diversity as the basis for subject matter jurisdiction. (Doc. 1 at ¶ 2). Defendants Total Body Essential Nutrition, Inc., and Wright Enrichment, Inc., consented to removal. (Docs. 4, 7).[1]

---

[1] Defendants TexAmerican Food Blending, Inc, Total Body Essential Nutrition, Inc., and Wright Enrichment, Inc., will be collectively be referred to throughout this Memorandum Opinion as "Defendants" or "the Defendants."

This case is about the personal injuries suffered by Plaintiff Winfred E. Mills after he consumed a dietary supplement manufactured and distributed by the Defendants. (Doc. 1 at Ex. 1 ¶ 1). Several similar cases concerning this dietary supplement have been filed (*see* Petition for Removal, Doc. 1 at ¶ 12), two of which were previously dismissed by this Court for lack of subject matter jurisdiction. *See Taylor v. TexAmerican Food Blending, Inc.*, No. 1:08-CV-1011-VEH (N.D. Ala. July 29, 2008); *Snider v. TexAmerican Food Blending, Inc.*, No. 1:08-CV-1009-VEH (N.D. Ala. July 29, 2008).

Before the court is Defendants' motion to stay the proceedings, and Plaintiffs' motion to remand this case to the Dekalb County Circuit Court, as well as Defendants' motion for leave to conduct limited jurisdiction discovery. (Docs. 13, 15, 17).

Defendants initially moved to moved to stay the proceedings on July 30, 2007, pending a decision by the Judicial Panel on Multi-District Litigation, (Doc. 11), which this Court denied without prejudice. (Doc. 12). Defendants then filed an amended motion to stay the proceedings, on July 31, 2008, which is now before this Court. (Doc. 13).

On August 1, 2008, Plaintiffs filed a motion to remand pursuant to 28 U.S.C. § 1447(c). Defendants then filed a Motion for Leave to Conduct Limited

Jurisdictional Discovery on August 6, 2008.  (Doc. 17) and subsequently a Motion for Discovery (Doc. 25).  Defendants also requested a hearing concerning the amount in controversy.[2]

Because the court concludes that it lacks subject matter jurisdiction, the Motion to Remand is due to be **GRANTED**, and all other motions are due to be **DENIED AS MOOT**.

## II.   SUBJECT MATTER JURISDICTION

### A.   General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress."  *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted).  "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power."  *Id*. (internal citations omitted).  "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless

---

[2] The court denies Defendants' request for reasons explained at the end of this memorandum opinion.

to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that–with

the express exception of civil rights cases that have been removed– orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### B. Diversity Jurisdiction

Defendants premise their removal upon this court's diversity jurisdiction. (Petition for Removal, Doc. 1 at ¶ 2). "Diversity jurisdiction exists where the suit is

between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  Therefore, removal jurisdiction based upon diversity requires:  (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1. Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).  There is no dispute over satisfaction of the complete diversity of citizenship requirement in this case.

### 2. Amount in Controversy Requirement

Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction, excluding

interest and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, ___ U.S. ___, No. 07-1246, 2008 WL 872061 (June 2, 2008).

In assessing the propriety of removal, "the court considers the documents <u>received by the defendant from the plaintiff</u> . . . and determines whether that document and the Petition for Removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d at 1211 (emphasis added).  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available.  *Id*. at 1210.

Similarly, in this case, the court finds that the allegations of the amount in controversy made in the Petition for Removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in

7

controversy requirement.

Plaintiffs have not alleged a specific amount of damages in their complaint. *See* Petition for Removal, Doc. 1 at Ex.1.  Generally, Plaintiffs seek relief from the court to "provide compensation to Plaintiffs for personal injuries, reimbursement of monies paid for the defective product and to otherwise compensate Plaintiffs as the court sees fit." (Petition for Removal, Doc. 1 at Ex. 1, ¶ 14). In their prayer for relief, Plaintiffs request "an amount which will adequately compensate them for the injuries and damages they sustained," and request that a jury "award exemplary damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrong." (Petition for Removal, Doc. 1 at Ex. 1).  Nowhere in Plaintiffs' six count complaint is there any specific allegation as to monetary harm.  Plaintiffs' injuries are only described in a general manner.  From the face of Plaintiffs' complaint, the amount in controversy requirement is not satisfied.

Since Defendants cannot rely on specific allegations in the Plaintiffs' complaint to establish a basis for removal, they instead rely upon several arguments that call for this Court to speculate as to what the amount in controversy might be.  *See* Petition for Removal at ¶ 12 (noting that Plaintiffs have filed ten previous lawsuits similar to

the one before the court where the jurisdictional threshold was exceeded)[3]; *Id.* at ¶ 11 (arguing that Plaintiffs' described physical injuries likely exceed the requisite amount in controversy requirement).

In support of these arguments, Defendants rely on several cases that predate the Eleventh Circuit's *Lowery* decision. *See, e.g.*, *Steele v. Underwriter's Adjusting Co., Inc.*, 649 F. Supp. 1414 (M.D. Ala. 1986); *Paxton v. Weaver*, 553 F.2d 936 (5th Cir. 1977); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). None of these cases control. Indeed, Defendants seem to have entirely overlooked or ignored *Lowery*.

Relevant to this case, *Lowery* stands for the rule that a district court is not permitted to speculate as to what damages might be in order to satisfy the amount in controversy requirement. *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1215 (11th Cir. 2007) ("In assessing whether removal was proper in [a case where damages are unspecified], the district court has before it only the limited universe of evidence available when the motion to remand is filed–i.e., the Petition for Removal and accompanying documents. If that evidence is insufficient to establish that removal

---

[3] The court is well aware that similar lawsuits to the current one have been filed. Defendants correctly acknowledge this fact in their Petition for Removal. (Doc. 1 at ¶ 12). Indeed, two nearly identical cases have already been before this Court and have been *dismissed* for lack of subject matter jurisdiction. *See Taylor v. TexAmerican Food Blending, Inc.*, No. 1:08-CV-1011-VEH (N.D. Ala. July 29, 2008); *Snider v. TexAmerican Food Blending, Inc.*, No. 1:08-CV-1009-VEH (N.D. Ala. July 29, 2008).

was proper or that jurisdiction was present, <u>neither the defendants nor the court may speculate</u> in an attempt to make up for the notice's failings). (emphasis added). "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id.* at 1315. Defendants may rely only upon pleadings, motions or other papers which it received from the plaintiff, and the documents received by the defendants must establish federal jurisdiction in unequivocally clear and certain terms. *Id.* at 1214 n. 63 (citing *Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir.2002)).

Rather than stating an unequivocally clear and certain basis for subject matter jurisdiction based on documents received by the Plaintiffs, Defendants rely on outdated cases and conjecture to support their argument. As previously noted, all cases relied upon by the Defendant predate the Eleventh Circuit's opinion in *Lowery*, which this Court is bound to follow. Indeed, Defendant's Petition for Removal entirely ignores *Lowery*. Without specific jurisdictional facts adduced from Plaintiff's complaint or other documents Defendants received from the Plaintiffs, this court has no basis to determine that the amount in controversy requirement has been

satisfied.[4]

This Court is not permitted to speculate as to the jurisdictional amount, and it therefore lacks subject matter jurisdiction. The Motion to Remand is due to be **GRANTED**, and this case is due to be remanded to Dekalb County Circuit Court.

## III.   DEFENDANT'S MOTION TO STAY

Defendants request this Court to stay its ruling on the Motion to Remand "in order to conserve judicial and party resources and avoid inconsistent pre-trial rulings." (Motion to Stay, Doc. 13 at ¶ 4). In support of its motion, Defendants acknowledge that ten cases are currently pending in the Northern District of Alabama[5], one case is pending in the Northern District of Florida[6], and one case is pending in the Middle District of Florida.[7] Defendants argue that judicial economy

---

[4] In a final effort to keep this case in federal court, Defendants submitted a Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 17). This motion is due to be denied. The court in *Lowery* noted "[a] district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery." *Id.* at 1218. Neither will this Court use its inherent power to hold a hearing on jurisdiction, a request that was also denied in *Lowery*. *Id.*

[5] *Wilkerson v. Total Body Essential Nutrution, Inc.* No. 08-CV-626; *Hicks v Total Body Essential Nutrution, Inc.*, No. 08-CV-627; *Dickens v. Total Body Essential Nutrition, Inc.*, No. 08-CV-712; *Dickens v. Total Body Essential Nutrition, Inc.*, No. 08-CV-713; *Patalas v. Total Body Essential Nutrition, Inc.*, No 08-CV-758; *Hicks v. Total Body Essential Nutrition, Inc.*, No. 08-CV-759; *White v. Total Body Esential Nutrition, Inc.*, No. 08-CV-828; *Kassner v. Total Body Essential Nutrition, Inc.*, No. 08-CV-1094; *Doss v. Total Body Essential Nutrition, Inc.*, No. 08-CV-949.

[6] *Hess v. Total Body Essential Nutrition, Inc.*, No 67-08-CA-148.

[7] *Eriquez v. Total Body Essential Nutrition, Inc.*, No. 08-CV-0100.

11

would be served by staying a decision on subject matter jurisdiction, thereby allowing the MDL Panel to determine jurisdiction singularly.  (Motion to Stay, Doc. 13 at ¶ 5).

While it is at least arguable that judicial economy might be served if each case also had a pending motion to remand, that is not the current set of circumstances.  The instant case is the only case that was <u>not</u> filed in federal court on diversity grounds.  Of the ten cases relied upon by the defendant, none have resulted in a ruling on a motion to stay while at the same time facing a motion to remand.

Further, in a case with a similar procedural posture to this case, Judge Steele in the Southern District of Alabama adopted a useful framework for courts to use when simultaneously ruling on a motion to remand and a motion to stay pending a decision by the MDL Panel.  "'A court should first give preliminary scrutiny to the merits of the motion to remand' and ..., 'if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court.'" *Betts v. Eli Lilly and Co.,* 435 F. Supp. 2d 1180, 1182 (S.D. Ala. 2006) (citing *Moton v. Bayer Corp.*, No. 05-310 2005 WL 1653731 at *2 (S.D. Ala. July 8, 2005)(quoting *Meyers v. Bayer* AG, 143 F.Supp.2d 1044, 1049 (E.D. Wis. 2001)).  If the jurisdictional question is difficult, the court should look to whether similar issues arose in other cases that might be transferred.  435 F. Supp. 2d at 1182 n. 2.  Although, in adopting this framework, the court in *Betts* went

on to evaluate judicial economy and the risk of inconsistent results, *id.* at 1183-1186, that evaluation is unnecessary here.

It is clear that removal of this case was improper . The court does not face a "difficult" jurisdictional issue. Even if the court were to treat this as a difficult jurisdictional issue, no case subject to transfer has a similar procedural posture. Thus, Defendants' arguments regarding judicial economy are unavailing.

## IV.  CONCLUSION

As discussed above, the court finds that it lacks subject matter jurisdiction. Plaintiffs' Motion to Remand is due to be **GRANTED**. All of Defendants' motions are due to be **DENIED AS MOOT**. Consistent with this Memorandum Opinion, an order will be entered remanding the case to the Circuit Court of Dekalb County.

**DONE** and **ORDERED** this the 28th day of August, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge